UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT CARLOW; and<br>LONNIE ST.JEAN,<br>Plaintiffs<br><br>v.<br><br>STANLEY J. MRUK Individually and in his official capacity as Chief of the Anthony Fire District; and, THE ANTHONY FIRE DISTRICT,<br>Defendants | C.A. No. 02-538ML |

**OBJECTION TO PLAINTIFFS' MOTION TO ADJUDGE DEFENDANT IN CONTEMPT**

Defendants Stanley J. Mruk ("Individually and in his official capacity as Chief of the Anthony Fire District") and the Anthony Fire District[1], hereby submit this Memorandum in Opposition to Plaintiffs' Motion to Adjudge Chief Mruk in Contempt, and submit their Memorandum of Law, along with the Affidavit of Daniel Kinder, in opposition to the Motion.

Defendants,
by Their Attorney,

Michael W. Carroll # 4802
72 Pine Street
Providence, RI 02903
401 454-4900 (Tel.)
401 454-4902 (Fax)

[1] The correct name is the Anthony Fire *Department* which is located in the *Coventry* Fire District. Hereinafter it will be referred to by their correct name.

CERTIFICATE OF SERVICE

I certify that on January 11, 2006, I served the within Objection, Memorandum in Opposition and Exhibits thereto, via facsimile and first class mail, postage prepaid, upon the following counsel of record:

John W. Dineen, Esq.
American Civil Liberties Union
R.I. Affiliate
One Providence Washington Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT CARLOW; and<br>LONNIE ST.JEAN,<br>Plaintiffs<br><br>v.<br><br>STANLEY J. MRUK Individually and in his official capacity as Chief of the Anthony Fire District; and, THE ANTHONY FIRE DISTRICT,<br>Defendants | C.A. No. 02-538ML |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ADJUDGE DEFENDANT IN CONTEMPT**

Defendants Stanley J. Mruk ("Individually and in his official capacity as Chief of the Anthony Fire District") (hereinafter "Chief Mruk" or the "Chief") and the Anthony Fire District[1], hereby submit this Memorandum in Opposition to Plaintiffs' Motion to Adjudge Chief Mruk in Contempt.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2004, this Court entered a Consent Judgment which was previously executed by counsel for the parties, (the "Consent Judgment"). A copy of the Consent Judgment is attached hereto as Exhibit A for ease of reference.

The Consent Judgment addressed four issues that either gave rise to the underlying litigation or arose during the litigation. These four issues were: 1) the amount of damages

suffered by the Plaintiffs;[2] 2) the amount of costs and attorney's fees to be paid by the Defendants;[3] 3) the letters from Chief Mruk (which were ordered declared to be rescinded and were not to be included in the Plaintiffs' personnel files); and, 4)certain portions of the Constitution and By-Laws of the Anthony Fire Department, (which were declared to be violative of the Plaintiffs' First Amendment rights and were struck down).

There is no dispute that the Defendants are in compliance with the first three portions of the Consent Judgment described above. It is the fourth element of the consent judgment that the Plaintiffs claim Chief Mruk has violated.

**The Portion of the Consent Judgment That**
**Plaintiffs Claim Chief Mruk Violated:**

That fourth element voided certain provisions of the Constitution and Bylaws of the Anthony Fire Department. Specifically, the Court declared the offending portions of that document to be: 1) the "Rules and Regulations" contained in Article VI, of that document; and, 2) the words "respectfully" and the words "and avoid all personalities" contained in Article IV.

Importantly, Plaintiffs have not even alleged that anyone has tried to enforce the voided rules and regulations of Article VI. Moreover, there is no evidence that anyone has

---

[1] The correct name is the Anthony Fire *Department* which is located in the *Coventry* Fire District. Hereinafter each will be referred to by their correct name.

[2] Each Plaintiff was awarded $200.

[3] Because the parties could not agree at that time, the Consent Judgment explicitly left that issue to be decided after a later hearing. On March 31, 2005 Magistrate Judge Martin issued a Report and Recommendation which this Court adopted by Order dated April 22, 2005.

been prevented from 'disrespectfully' addressing the chair while inserting 'personalities' into a debate, acts formerly prohibited by Article IV.

**The Actions Plaintiffs Claim Are**
**Violations of the Consent Judgment:**

The specific allegations of contempt, as outlined on pages 4 and 5 of Plaintiffs' Memorandum in Support of Motion to Adjudge Defendant In Contempt, appear to be as follows:

- Chief Mruk, as part of negotiations with the Firefighter's Union, sought "dismissal" of the "judgment already obtained."
- Chief Mruk has failed to "review and revise the by-laws," despite telling the Providence Journal that he would set up a committee to do so;
- Chief Mruk "introduced the enjoined By-Laws, in their entirety, at [an] arbitration in the Summer of 2005;"

Chief Mruk denies that he has violated the Consent Judgment; much less that he has shown contempt for it.

## ARGUMENT

In order to establish civil contempt, it must be shown by "clear and convincing evidence that a specific order of the Court has been violated." AMF, Inc. v. Jewett, 711 F.2d 1096, 1100 (1st Cir. 1983); Devine v. State of Rhode Island, 827 F.Supp. 852, 863 (D. R.I. 1993) (citations omitted). Moreover, the court order in question must be specific and leave no "reasonable doubt as to *what behavior* was expected and *who* was expected to behave in the indicated fashion." Id. (citing Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991) (emphasis added).

**Chief Mruk Did Not Violate**
**the Consent Judgment by**
**<u>Proposing a "Dismissal Agreement"</u>:**

The Plaintiffs assert that the Chief violated the Consent Judgment by seeking dismissal of all pending actions – an act they claim showed a disregard of the Court "of stunning dimensions…." Plaintiffs' Memorandum at p. 5. In support of this charge, Plaintiffs submit a rather innocuous looking document which, on its face, appears to strive for the worthy goal of resolving pending disputes.[4] The document, they say, seeks to "undermine the authority and jurisdiction of the Court." Plaintiffs' Motion at p. 4 ¶ 10.

To find contempt, Plaintiffs require the Court to ignore conclusive evidence to the contrary without any valid support for the charge. First, the "stunning" document contains no reference to this case at all. Indeed, by its own terms it *excludes* the case – as it calls for the Union "take whatever steps they lawfully may take in order to cause the dismissal with prejudice of any and all *pending* litigation against the Coventry Fire District, its officer and/or employees." (emphasis added).

A straightforward reading of the document reveals that it targeted "pending litigation." To argue that a case in which *final judgment* has entered (on April 28, 2005) is *pending* is to stretch the definition of that word beyond all meaning. Even if one accepts such a contradictory reading of the word "pending", it is logically impossible to "dismiss with prejudice" a final judgment.

---

[4] The short, single page document is attached to the Plaintiff's Motion.

Plaintiffs ask the Court to infer, notwithstanding the plain meaning of the document, that it was *intended* to include the instant case because dismissal of this case was "mentioned to Plaintiff Carlow on December 11, 2005" and he received the "Dismissal Agreement" the next day. This vague assertion is unsupported by affidavit. Plaintiffs' Motion at p. 4, ¶ 9.

As set forth in the Affidavit of Daniel Kinder, (the "Kinder Affidavit" attached hereto as Exhibit B), the Coventry Fire District, in attempting to resolve the outstanding disputes between the District and the firefighter's union, did ask for the dismissal of all pending actions. When the Union negotiators asked that he identify the pending cases, the District's Attorney and Negotiator "read a list of pending litigation and said that some on the list might no longer be pending, and that the Union would likely know better than I." See, Kinder Affidavit, ¶ 9.

Mr. Kinder went on to say "I cannot recall whether I mentioned the above entitled action. If I did, it was in error." Finally, he noted that neither to Coventry Fire District or its officers sought to vacate this Court's Consent Judgment by means of a dismissal agreement, even if that were possible. See, Kinder Affidavit, ¶¶10, 11.

**The Chief's "Failure to Issue Revised Bylaws"**
**<u>Is Not a Violation of the Consent Judgment:</u>**

The Plaintiffs also claim that Chief Mruk violated the Consent Judgment by failing to issue revised Bylaws. It is clear that nothing in the Consent Judgment required the issuance of new Bylaws.

There has been a certain amount of confusion in referring to the Bylaws,[5] which may be due to the existence of two distinct, but similar sounding documents: the Constitution and Bylaws of the Coventry Fire District, (hereinafter, the "DISTRICT BYLAWS") and the Constitution and Bylaws of the Anthony Fire Department, (hereinafter, the "DEPARTMENT BYLAWS"). It is this latter document that was the focus of the Consent Judgment.

Also, it is important to note that the Consent Judgment did not void the DEPARTMENT BYLAWS in their entirety. The decree only referred to Article VI and to a portion of Article IV.

**- Article VI of the DEPARTMENT BYLAWS:**

There is simply nothing in the Consent Judgment requiring anyone to take any action regarding Article VI. The Court declared that section "void and of no further effect…."[6] When it declared that certain language of the Bylaws was unconstitutional, this Court did what many Courts have done for over 200 years in declaring various statutes unconstitutional.

When Courts find a statute unconstitutional, there is no requirement that they direct the rulemaking body to vote on or issue a new, constitutionally valid replacement for the

[5] The Plaintiffs' filings mistakenly refer to this Court's injunction prohibiting reliance upon "the Fire District Constitution and by-Laws" (Plaintiffs' Motion at p. 1, ¶ 1) and to the "District's constitution" (Plaintiffs' Memorandum, at p. 3). This Court never reviewed the *District's* Bylaws, which are a separate document from the one at the heart of this lawsuit. Plaintiffs also mistakenly refer to "the constitution and by-laws of the Anthony fire District" (Plaintiffs' Motion at p. 2, ¶ 5) – no such entity exists.
[6] The Consent Judgment also enjoined the Defendants "from further reliance on or enforcement of Article VI." Plaintiffs' claim that the Chief Violated that portion of the Consent Judgment will be addressed below.

offending law. In fact there are many examples of Judicial rulings that declare a statute unconstitutional while the statute remains unchanged on the books. See, e.g., In re Robert, 122 R.I. 356, 359, 406 A.2d 266, 268 (R.I., 1979) (declaring R.I. Gen. Laws § 12-9-1 an unconstitutional prohibition on extradition of minors); State v. Vinagro, 433 A.2d 945, 949 (R.I., 1981) (declaring that R.I. Gen. Laws § 12-22-1.1 unconstitutionally denies the right to a jury trial).

By declaring the language void, and prohibiting enforcement of, or reliance upon, the offending section, this Court did not need to order any further action. More to the point, the Court did not order any further action.

**- Article VI of the DEPARTMENT BYLAWS:**

With respect to Article IV of the DEPARTMENT BYLAWS, the Consent Judgment directs that:

> This same declaratory and injunctive relief [ordered regarding Article VI] also applies to a portion of Article IV, Section 1, from which shall be deleted the terms "respectfully" and "avoid all personalities." Article IV, Section 1 is otherwise not affected by this Consent Judgment.

Plaintiffs seize upon the "shall be deleted" language of the Consent Judgment. By failing to delete four words from the DEPARTMENT BYLAWS, they assert, Chief Mruk has shown "Flagrant" contempt for this Court.

This Consent Judgment was prepared by counsel for the parties, who must accept full responsibility for ambiguous drafting. When the parties were willing to agree that four words of Article IV were violative of Plaintiffs' First Amendment rights, the task became to

craft an order or judgment that identified and declared void the offending part of Article IV while preserving the remainder.[7] The result was the Consent Judgment. ¶ 1.

If the Court had intended to impose some sort of mandatory injunction, it could have directed the Defendants to issue revised Bylaws. The Court did not do so. The obvious purpose of the Consent Judgment was to ensure that the Defendants no longer relied upon or enforced the offending portions of the DEPARTMENT BYLAWS. Plaintiffs' demand that the Court find Chief Mruk in civil and criminal contempt for failing to delete four words is a waste of judicial resources.

As the First Circuit has held: "[f]or a party to be held in contempt, it must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir.1991). The Plaintiffs assert that Consent Judgment's "shall be deleted" language applied to the Chief, (though there is no such specific direction)[8] and gloss over the inherent ambiguities in their interpretation.

Was the Chief to issue new DEPARTMENT BYLAWS without the four words, or could he simply cross out or white out the words? On how many copies of the DEPARTMENT BYLAWS was the Chief to perform the deletion? Would it be sufficient if

[7] In contrast, none of the parties cared to preserve any portion of Article VI, as the Defendants contended that it had already been superseded by the Department's "Standard Operating Procedures." It was therefore simpler to agree that the entire Article should be declared void, although it is unlikely that Court would have found every line to be in violation of Plaintiffs' First Amendment rights. (e.g., "No operator of any apparatus belonging to the Department shall drive or run over any hose, unless it cannot be avoided.")
[8] The title of the Motion seeks only to adjudge Chief Mruk in contempt, although Plaintiffs appear to seek the same finding against the Coventry Fire District in their request for relief.

he did so on his own personal copy?

As Judge Pettine wrote: "The First Circuit employs a "substantial compliance" standard to evaluate civil contempt ... Substantiality of compliance, however, "depends upon 'the nature of the interest at stake and the degree to which noncompliance affects that interest.' " Devine v. State of R.I., 827 F.Supp. 852, 863 (D.R.I.,1993) citing Morales-Feliciano v. Parole Board of Puerto Rico, 887 F.2d 1, 4-5 (1st Cir.1989), *cert. denied,*494 U.S. 1046, 110 S.Ct. 1511, 108 L.Ed.2d 646 (1990); and citing Fortin v. Commissioner of Mass. Dep't of Pub. Welfare, 692 F.2d 790, 795 (1st Cir.1982)).

It is clear that the Chief and the Coventry Fire District have substantially complied with the Consent Judgment. The Defendants have done all that was required by the Court, and have done nothing that was prohibited.

**Chief Mruk Did Not Violate The Consent Judgment By Introducing The DEPARTMENT BYLAWS At An Arbitration Hearing:**

The final charge made by the Plaintiffs is that Chief Mruk violated the Consent Judgment by Introducing the DEPARTMENT BYLAWS at an Arbitration hearing. Their theory is that, in so doing, he 'relied upon' the offending language despite the Court's prohibition.

There is no merit to the charge, as the attached Affidavit demonstrates.

- First, Chief Mruk did not seek to introduce the DEPARTMENT BYLAWS. Indeed, he was not even a party to the Arbitration. Kinder Affidavit, ¶ 4.

- Second, Consent Judgment did not declare the DEPARTMENT BYLAWS entirely void, just a portion of them.

- Third, the Coventry Fire District didn't introduce the document to 'rely upon or enforce' Article IV or Article VI (and never even referred to those Articles). The purpose for its introduction, along with the DISTRICT BYLAWS, was to "to highlight the distinction between governance of the *Coventry Fire District* and of the *Anthony Fire Department*. . . ." Kinder Affidavit, ¶¶ 5,6.

- Fourth, the Coventry Fire "District specifically noted that 'firefighting and rescue services are regulated by Standard Operating Procedures'" rather than the outdated and voided Rules and Regulations contained in Article VI. Kinder Affidavit, ¶ 6.

## CONCLUSION

Plaintiffs have failed to demonstrate any violation of the Consent Judgment, much less one rising to the level of contempt. Given the serious implications of a Court's exercise of its Contempt power, and the complete absence of evidence to support Plaintiff's allegations, Defendants request that this Court deny Plaintiffs' Motion.

Defendants,
By their attorney,

Michael W. Carroll # 4802
72 Pine Street
Providence, RI 02903
Tel: 401 454-4900
Fax: 401 454-4902

FAX 331-9267

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| *ROBERT CARLOW*<br>*LONNIE ST.JEAN*<br>*Plaintiffs* | } | |
| *v.* | } | *C.A. NO. 02-538ML* |
| *STANLEY J. MRUK*<br>*Individually and in his official capacity as Chief of the Anthony Fire District; and, THE ANTHONY FIRE DISTRICT*<br>*Defendants* | } | |

## *CONSENT JUDGMENT*

The parties agree that the following judgment may enter, upon approval by the Court, resolving all claims in this case.

1. Declaratory judgment enters for plaintiffs and Article VI of the Constitution and By-Laws of the Anthony Fire Department ("Rules and Regulations") is declared void and of no further effect as violative of plaintiffs' First Amendment rights. Defendants are enjoined from further reliance on or enforcement of Article VI. This same declaratory and injunctive relief also applies to a portion of Article IV, Section 1, from which shall be deleted the terms "respectfully" and "avoid all personalities." Article IV, Section 1, is otherwise not affected by this Consent Judgment.
2. The letters of November 15, 2002, from Chief Stanley Mruk to the plaintiffs are hereby rescinded and shall not in any way be included in plaintiffs' personnel files.

24

3. Damages are awarded to each plaintiff in the amount of $200.00.

4. Defendants shall pay such costs, including reasonable attorney's fees, as shall be determined by the Court. This consent judgment shall be entered as a final judgment after the Court has issued an order, which shall become incorporated as part of this judgment, ruling on a motion for fees and costs to be filed by the plaintiff no later than fourteen days after approval of this consent judgment. Defendants may file their objection to such motion within ten days thereafter, and the Court may then rule on the motion with or without further hearing.

***For Plaintiffs:***

John W. Dineen, Esq. #2346
Yesser Glasson & Dineen
One Providence Washington Plaza
Providence, RI 02903
Tel. (401) 331-3550
Fax (401) 331-9267

***For Defendants:***

Michael Carroll, Esq. #4802
72 Pine Street
Providence, RI 02903
Tel. (401) 454-4900
Fax (401) 454-4902

***Approved and Entered:***

Hon. Mary M. Lisi
United States District Judge

***Per Order:***

***Date: March 17 2004***

Rev. 3-13-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT CARLOW; and<br>LONNIE ST.JEAN,<br>Plaintiffs<br><br>v.<br><br>STANLEY J. MRUK Individually and in his official capacity as Chief of the Anthony Fire District; and, THE ANTHONY FIRE DISTRICT,<br>Defendants | C.A. No. 02-538ML |

**AFFIDAVIT OF DANIEL K. KINDER**

I, Daniel K. Kinder, being duly sworn, depose and say that:

1. I am the attorney for the Coventry Fire District (the "District") and I have personal knowledge of the facts set forth herein.

2. In December of 2004, Local 3240, International Association of Fire Firefighters ("Local 3240" or "Union") filed five demands for arbitration with the American Arbitration Association ("AAA") alleging that the District violated the terms of a purported collective bargaining agreement between the District and Local 3240.

3. The District, however, did not recognize this collective bargaining agreement as it was not approved by the taxable inhabitants of the District and was signed by individuals

without authority to bind the District.[1] The AAA Arbitrator ultimately agreed.

4. At no time was Chief Stanley J. Mruk a party to that Arbitration.

5. During the course of that arbitration, in an effort to highlight the distinction between governance of the *Coventry Fire District* and of the *Anthony Fire Department*, the District introduced Joint Exhibits 4 and 5 which were the Constitution and Bylaws of the *Coventry Fire District*, and the Constitution and Bylaws of the *Anthony fire Department,* respectively.

6. The District never referred to either Article IV or Article VI (entitled "Rules and Regulations of the Anthony Fire Department") of the Department's Bylaws. To the contrary, in referencing the Bylaws, the District specifically noted that "firefighting and rescue services are regulated by Standard Operating Procedures."

7. I have also been representing the Coventry Fire District in its negotiations with the Union to resolve all outstanding disputes.

8. As part of those negotiations, the District asked that the Union and its officers and members to "take whatever steps they lawfully may take in order to cause the dismissal with prejudice of any and all pending litigation against the Coventry Fire District, its officers and/or employees."

9. At the request of the Union, I read a list of pending litigation and said that some on the list might no longer be pending, and that the Union would likely know better than I.

[1] The District maintains that there is an existing Collective Bargaining Agreement in place through June 30, 2006.

10. I cannot recall whether I mentioned the above entitled action. If I did, it was in error.

11. I don't believe it's even possible to vacate a judgment by agreement of the parties to that judgment, and that certainly was not the intention of the Coventry Fire District or any of its officers.

Daniel K. Kinder

State of Rhode Island
Newport, SC.

January 10, 2006

Then personally appeared before me the above-named Daniel K. Kinder and acknowledged the foregoing statements to be true and accurate.

Notary Public
My Commission Expires: 7/23/2009