UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


ROBERT CARLOW
LONNIE ST. JEAN

v.                                              C.A. No. 02-538ML

STANLEY J. MRUK
Individually and in his official
capacity as Chief of the Anthony Fire
District; and, THE ANTHONY FIRE
DISTRICT


MEMORANDUM AND ORDER

I.  Background and Procedural History

In March 2004 the parties negotiated a consent judgment ("consent judgment") which resolved the substantive dispute between them. The Court entered the judgement as an order of the Court on March 17, 2004.

On December 21, 2005, Plaintiffs filed a motion to adjudge Defendant Stanley J. Mruk[1] ("Mruk") in contempt. Plaintiffs allege that Mruk violated the provision of the consent judgment that enjoins him "from further reliance on or enforcement of Article VI" of the Constitution and By-Laws of the Anthony Fire Department ("By-Laws") and the provision providing that "[t]his

---

[1] The motion is titled "Plaintiffs' Motion to Adjudge Defendant Mruk in Contempt." However, at the evidentiary hearing counsel for Plaintiffs took the position that "both Defendants are the subject of the motion" but that any relief sought or granted involving a financial sanction would be directed at Defendant Mruk in his individual capacity. In view of the findings made herein, the Court need not address the inconsistency between Plaintiffs' written motion and their position at the hearing.

1

same declaratory judgment and injunctive relief also applies to a portion of Article IV, Section I, from which shall be deleted the terms 'respectfully' and 'avoid all personalities.'" Consent Judgment, March 17, 2004, at ¶ 1. On March 1, 2006, the Court conducted an evidentiary hearing on Plaintiffs' motion. At that time, the Court expressed its concerns that the language of the consent judgment did not meet the "clear and unambiguous" standard set forth in Project B.A.S.I.C. v. Kemp, 947 F.2d 11 (1st Cir. 1991).

At the evidentiary hearing Plaintiffs presented one witness, Robert Carlow ("Carlow"). Carlow testified that he has been a firefighter with the Coventry Fire District since 1993. He also testified that from March 17, 2004, until January 31, 2006, no notice was ever provided or posted regarding the court order invalidating certain provisions of the By-Laws. Carlow also testified that he attended a labor arbitration hearing in the summer of 2005 and that the attorney for the Fire District introduced as an exhibit the By-Laws without any deletions or notation that certain provisions had been invalidated by the consent judgment. Finally, Carlow testified about a December 2005 labor contract negotiation where the same attorney asked, as part of the negotiations, that the firefighters' union agree to dismiss all litigation pending at that time. The parties subsequently stipulated that the By-Laws were denominated a joint exhibit by the arbitrator during the Summer 2005 arbitration hearing.

II. Discussion

A court considering a contempt motion must make a four-part inquiry: (1) whether the alleged contemnor had notice of the order; (2) whether the order was "clear and unambiguous"; (3) whether the "alleged contemnor had the ability to comply" with the order; and (4) whether the

alleged contemnor violated the order. <u>United States v. Saccoccia</u>, 433 F.3d 19, 27 (1st Cir. 2005). "(A)ny ambiguities or uncertainties in such a court order must be read in a light favorable to the person charged with contempt." <u>Project B.A.S.I.C.</u>, 947 F.2d at 16.

Plaintiffs claim Defendant Mruk violated those provisions of the consent judgment that enjoin Mruk "from further reliance on or enforcement of Article VI" of the By-Laws and that direct that certain terms be deleted from Article IV, Section I. The words "reliance" or "enforcement" are not defined within the four corners of the consent judgment. Likewise, the consent judgment does not explain the manner or process for deleting the applicable terms; nor does it identify any individual or individuals responsible for doing so. "(T)he 'clear and unambiguous' prong requires that the words of the court's order have clearly and unambiguously forbidden <u>the precise conduct on which the contempt allegation is based.</u>" <u>Saccoccia</u>, 433 F.3d at 28. Here, Plaintiffs allege that Mruk violated the order by (1) not providing or posting an amended version of the By-Laws which would purportedly reflect the invalidation and/or deletion of certain provisions and/or terms; (2) having his "negotiating representatives" introduce a copy of the By-Laws at an arbitration hearing in the summer of 2005; and, (3) having his "labor counsel" request a dismissal of all pending litigation against the Fire District or Mruk as part of labor contract negotiations in December 2005.

The first and third allegations may be dispensed with in short order. The consent judgment is silent with respect to the providing or posting of any amended By-Laws or any notice of the consent judgment. Plaintiffs concede as much in their papers. Additionally, the consent judgment does not clearly and unambiguously dictate the manner or process by which the terms were to be deleted nor does the consent judgment identify the party or parties responsible for making the

3

deletions. "For a party to be held in contempt, it must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." Project B.A.S.I.C., 947 F.2d at 17. The consent judgment does not prohibit Mruk, through counsel in a labor contract negotiation, to refrain from asking that all pending[2] litigation be dismissed. Neither of these allegations, then, fall within the proscriptions of the consent judgment.

As to the second allegation, i.e., that Mruk's "negotiating representatives" introduced a copy of the By-Laws at the arbitration hearing, one *might* argue that in doing so Mruk "relied" on the By-Laws; however, this allegation fails not only due to the vagueness of the language of the consent judgment, but also because the record shows that the By-Laws were submitted[3] as a joint exhibit. The allegation also fails with respect to the "enforcement" language in the consent judgment as Plaintiffs have failed to demonstrate how Mruk enforced or attempted to enforce the By-Laws. "When the question [of whether the alleged contemnor has violated the order] turns on findings of fact, a complainant must prove civil contempt by clear and convincing evidence." Saccoccia, 433 F.3d at 27 (internal quotation marks and citation omitted). Plaintiffs offered no evidence as to how the introduction of the exhibit violated the consent judgment.

In addition to finding that the language of the consent judgment fails to satisfy the clear and

---

[2]This Court notes that at the time the alleged request was made, the instant matter was no longer "pending"; it had been resolved by entry of the consent judgment.

[3]The attorney for the Coventry Fire District submitted an affidavit to the Court in which he stated that "[d]uring the course of . . . arbitration, in an effort to highlight the distinction between governance of the Coventry Fire District and the Anthony Fire Department, the District introduced Joint Exhibits 4 and 5 which were the Constitution and Bylaws of the Coventry Fire District, and the Constitution and Bylaws of the Anthony [F]ire Department, respectively." Kinder Affidavit at ¶ 5 (emphasis added).

unambiguous requirement set forth in Project B.A.S.I.C. and Saccoccia, this Court also finds that Plaintiffs have utterly failed to meet their burden of proving the alleged contempt by clear and convincing evidence.

### III.   Conclusion

For all these reasons, the Motion to adjudge Defendant Mruk in contempt of the consent judgement entered on March 17, 2004 is DENIED.

SO ORDERED:

_____
Mary M. Lisi
United States District Judge
March 23 , 2006